## Fletcher's Estate.

*W. W. Montgomery, Jr., Saul, Ewing, Remick & Saul* and *Paul W. Knox,* for exceptants.

*A. Balfour Brehman, Edward Paul Smith* and *William H. Miller,* contra.

SINKLER, J., June 5, 1931.—The exceptions to the adjudication relate to findings of fact by the Auditing Judge and to conclusions of law. As to the former, his findings upon the value of real estate at the time of decedent's death should not be set aside unless manifest error exists. This rule of law is equally applicable when the findings are based upon opinions of expert witnesses as when they are based upon evidence of facts. A careful reading of the testimony has satisfied us that the valuation determined by the Auditing Judge upon the decedent's real estate is supported by the evidence before him and should not be disturbed. We are equally convinced that he has correctly valued the stock and the household goods upon a just consideration of the testimony produced before him as to these matters.

The remaining question raised by the exceptions relates to his decision that distribution of the residue is based not upon the valuation of the property composing the residue at the time of the decedent's death, but upon the valuation that was later realized during the administration of the estate. We are of the opinion that these exceptions should be dismissed and that the Auditing Judge has correctly applied the law in the present case.

The exceptions are dismissed and the adjudication is confirmed absolutely.